UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KELCEY JONES,
    Petitioner,

vs.                                      Case No.: 5:22cv249/TKW/ZCB

BARBARA BEASLEY et al.,
    Respondents.
_____/

## REPORT AND RECOMMENDATION

Petitioner Kelcey Jones has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). It appears from the face of the petition that abstention is warranted under *Younger v. Harris*, 401 U.S. 37 (1971). For this reason, the habeas petition should be dismissed without prejudice.

### I.    Background

Petitioner is a pretrial detainee of the Bay County Jail who is awaiting trial on criminal charges (including violation of probation charges) pending in the Circuit Court in and for Bay County, Florida, Case Nos. 2020-CF-5045, 2019-CF-1316, 2018-CF-1739, 2018-CF-1462, 2006-CF-4369, and 2006-CF-3480. (Doc. 1 at 1, 16, 18-33).[1] Petitioner titled his habeas petition as brought "In Admiralty," and he

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of facts taken from the Bay County Circuit Court's online public docket in

1

seeks issuance of the habeas writ pursuant to the Federal Maritime Lien Act, 46 U.S.C. §§ 31341-31343, and Local Admiralty Rules C and E(8)(b) and Supplemental Rule (E)(5). (*Id.* at 1-9). Petitioner also asserts claims under various provisions of the Uniform Commercial Code. (*Id.*). Petitioner asks the Court to "issue out a warrant to arrest the plaintiff['s] goods or vessel then make the lower tribunal court close out my account . . . ." (*Id.* at 3).

## II.   Discussion

The federal habeas statute authorizes a district court to grant a writ of habeas corpus if a prisoner demonstrates he is in custody in violation of the Constitution or laws of the United States. *See* 28 U.S.C. § 2241(c)(3). Years ago, however, the Supreme Court established that federal courts should not interfere with ongoing state criminal proceedings where the state court conviction and/or sentence is not yet final. *Younger v. Harris,* 401 U.S. 37, 43-45 (1971). This doctrine is known as "*Younger* abstention," and it is required when: (1) state judicial proceedings are pending; (2) the state proceedings involve important state interests; and (3) the state

---

each of the criminal cases Petitioner listed on the first page of his habeas petition. According to the dockets, those cases are set for trial/VOP hearing in January 2023. If Petitioner disputes the accuracy of these facts or otherwise wishes to be heard on the propriety of the Court's taking judicial notice of these facts, he may do so in an objection to this Report and Recommendation. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651–53 (11th Cir. 2020).

2

proceedings afford an adequate opportunity to raise the constitutional issue. *Id.* There are three exceptions to the abstention doctrine: (1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised. *Id.* at 45; *see also Kugler v. Helfant*, 421 U.S. 117, 123–25 (1975). Untried state criminal charges may be challenged in extraordinary circumstances under § 2241, but only if a narrow exception to *Younger* abstention is present. *See Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1261–64 (11th Cir. 2004) (discussing *Younger*) (other citations omitted).

Here, *Younger* abstention applies because Petitioner is seeking federal habeas relief prior to the completion of his state court criminal proceedings. *Lewis v. Broward Cnty. Sheriff Office*, No. 20-14603, 2021 WL 5217718, at *1 (11th Cir. Nov. 9, 2021) (cleaned up) (stating that "[w]hen a petitioner seeks federal habeas relief prior to a pending state criminal trial the petitioner must satisfy the *Younger* abstention hurdles before the federal courts can grant such relief"). Petitioner has not shown that he qualifies to proceed under any of the exceptions to *Younger* abstention. And the Florida state courts are an adequate forum where Petitioner may present any federal law challenges to the state criminal charges. Petitioner, therefore, is not entitled to the issuance of a writ of habeas corpus at this time. *Id*.

at *2 (holding district court properly dismissed state pretrial detainee's habeas petitions under *Younger*).

### III. Conclusion

*Younger* abstention applies in this case. Thus, summary dismissal of Petitioner's habeas petition is appropriate. *See* 28 U.S.C. § 2243 (authorizing dismissal of a habeas petition where "it appears from the application that the applicant or person detained is not entitled" to relief); *see also Morgan v. Warden*, 589 F. App'x 530, 531 (11th Cir. 2015) (recognizing that a district court may summarily dismiss a habeas petition where it "plainly appears" from the petition that the petitioner "is not entitled to § 2241 relief").

### IV. Certificate of Appealability

A certificate of appealability is required for a pretrial detainee to appeal the dismissal of a federal habeas corpus petition. *See Hiteshaw v. Butterfield*, 262 F. App'x 162, 163 (11th Cir. 2008) (unpublished but recognized as persuasive authority) (citing 28 U.S.C. § 2253(c)(1)(A) and *Medberry v. Crosby*, 351 F.3d 1049, 1063 (11th Cir. 2003)). "Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has shown that jurists

of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (cleaned up).

Here, Petitioner cannot make the requisite showing. Therefore, the undersigned recommends that the final order in this case deny Petitioner a certificate of appealability. If Petitioner objects to this recommendation, he may present argument on the issue of whether a certificate should issue by bringing it to the district judge's attention in his objections.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The habeas petition (Doc. 1) be **DISMISSED without prejudice**.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 10th day of November 2022.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. See N.D. Fla. Loc. R. 72.2(B); see also 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b).**

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.**

5

**Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.